## The District Attorney for the Southern District vs. The County Commissioners of Bristol.

When the additions and improvements upon a court house and jail, necessary for the con-
venience and accommodation of all courts, officers and persons whose duty requires them
to resort there, and for the preservation of the records and public papers of the county,
would exceed in expense the amount which the county commissioners are authorized
by law to expend, it is their duty to submit to the legislature a statement of the
amount required, with evidence of the exigency for such improvements.

Information filed by the district attorney for the southern
district against the county commissioners of the county of Bris-
tol, for neglecting to provide for erecting, repairing and main-
taining the necessary public buildings for a court house and jail
at Taunton in that county.

The information alleged that the court house in Taunton did
not contain sufficient and proper rooms for juries and witnesses,
nor a sufficient room for the clerk, nor sufficient securities for
keeping the records of the court, and was in every respect un-
suitable for the purposes for which it was originally erected and
was now used, in consideration of the increased and increasing
amount of business of the courts having their sessions therein
and that the jail in Taunton was not sufficient in size and

District Attorney *v.* County Commissioners of Bristol.

arrangement to accommodate with security, health and decency the large number of persons, of both sexes, usually confined therein, and was entirely unprovided with hospital conveniences, and in every respect unsuitable and inadequate to the purposes of its original erection and present use ; and prayed that the county commissioners might be summoned to show cause why a writ of mandamus should not issue to direct them to forthwith provide for the erecting and repairing of a suitable court house and jail at Taunton, for the use of the county of Bristol, and to do their legal duty in that behalf.

The county commissioners answered that they neither admitted nor denied the allegations that the court house in Taunton did not contain sufficient rooms and proper accommodation for the present wants of the county ; that they were not justly chargeable with having neglected to provide suitable accommodations in said court house, because the additions and improvements suggested could not be made without a large expenditure of money, and consequently a large increase of the county debt beyond the amount which they were authorized by the *St.* of 1859, *c.* 231, to contract; but that they were ready and willing to make all the requisite additions and improvements to said court house, so far as they were authorized and empowered so to do, under the statutes of the Commonwealth ; that they believed that the jail was adequate for the purposes for which it was designed by law, and that the public necessity and convenience did not at present require that any material additions or improvements should be made on said jail.

" But they say that if this honorable court shall, upon inquiry, be of opinion that the duty of said commissioners is to make repairs and improvements upon said jail at Taunton ; and if said court shall be of opinion that, under the statutes of this commonwealth, the said commissioners have the power and authority to contract or authorize a county debt sufficient to make the requisite repairs, additions and improvements upon said court house and jail in Taunton ; they will proceed to do their legal duty in that behalf forthwith, without the issuing of any writ of mandamus or other legal process under the authority of this

court; and that the only reason they decline to make such repairs and improvements is because, in their opinion, their duty as such commissioners does not require them so to do, and because, in their opinion, they have not, by law, the requisite power and authority in the premises."

*B. Sanford,* (District Attorney,) in support of the information, cited Rev. Sts. *c.* 14, §§ 9, 31; *Sts.* 1853, *c.* 310; 1859, *c.* 231; · Rev. Sts. *c.* 81, § 9; *Commonwealth* v. *Sessions of Hampden,* 2 Pick. 414; *Taylor* v. *Henry,* 2 Pick. 397.

*E. H. Bennett,* for the respondents.

BY THE COURT. It is the duty of the county commissioners to make and submit to the legislature, in their estimate of the county expenses, a clear and distinct statement of the amounts necessary to effect such additions and improvements on said court house and jail, and furnish to the legislature all necessary and proper evidence, showing the exigency for allowing a county tax for the county of Bristol, sufficiently large to enable the commissioners, in addition to all other county charges and expenses, to make all the additions and improvements upon the court house and jail in Taunton, necessary to the convenience and accommodation of all courts, officers and persons, whose duty requires them to resort there, and to the security and preservation of the records and public papers of said county.

The announcement of this opinion may probably render any further action in this case unnecessary. For the present, therefore, the order will be

*All further proceedings suspended.*